## THE BANK OF MOBILE v. THE PLANTERS AND MERCHANTS BANK.

1. Where money is placed in the hands of a receiver, pending the litigation, the Court may on the decision of the cause direct its application on motion.

2. But the Court cannot act in this summary mode where money has been paid over to a defendant in satisfaction of an execution, by order of the judge granting the injunction according to the prayer of the bill.

3. If in such a case the injunction bond did not afford an adequate remedy, a suit in Chancery, where the rights of all the parties could be adjusted, would be the proper course.

Error to the first district Southern Chancery division, sitting at Mobile.

Joseph Bates, Thomas Bates, and William O'Brien, filed their bill in Chancery, against the Planters and Merchants Bank, the Bank of Mobile, James F. Roberts, and William Magee, the sheriff of Mobile county. The bill charges, that the complainants, Joseph Bates and William O'Brien, had endorsed sundry notes of Roberts, and to a large amount. That some of the notes had been discounted by the Planters and Merchants Bank, and others by the Bank of Mobile. That on all these notes judgments had been obtained by the Banks respectively, where the notes had been negotiated. The judgments obtained by the Planters and Merchants Bank were anterior to those obtained by the Bank of Mobile. That when the notes were endorsed by Joseph Bates and O'Brien, Roberts was in failing circumstances, and in order to indemnify and secure them, he executed a deed of trust to Thomas Bates, of real and personal property, to be void if the said notes were paid by Roberts, so as to exempt the property of his endorsers, Bates and O'Brien, from execution; but if their property should be levied on, or subject to sale by execution, the trustee was authorized to take

possession of the property thus conveyed, and sell it for the indemnity of the endorsers.

The bill further charges, that one of the notes on which the Planters and Merchants Bank has obtained judgment for twenty-five hundred dollars, against them, as endorsers, was never endorsed by them, but that the endorsement was a forgery. That when the execution came to the sheriff's hands, Thomas Bates, the trustee, permitted the sheriff to levy the said executions against Roberts, on the trust property; but expressly claimed the right of directing the application of the proceeds, amounting to the sum of eight thousand dollars. That the said Joseph Bates and O'Brien, as well as the trustee, are unwilling that any part of the proceeds of the sale should be applied to the discharge of the judgment of the Planters and Merchants Bank, on the note for twenty-five hundred dollars, which they allege to be a forgery, and which they have taken to the Supreme Court, so far as it operates on them, and expect to reverse it. Yet that Magee, the sheriff, insists on discharging the judgment aforesaid, obtained by the Planters and Merchants Bank.

The prayer of the bill is, that the sheriff be enjoined from paying the judgment aforesaid, of the Planters and Merchants Bank, and that the money be applied to the discharge of the judgment obtained by the Bank of Mobile.

The injunction was granted, and the money paid by the sheriff to the Bank of Mobile. Bond and security were given by Bates and O'Brien, as required in cases of injunction.

On the coming in of the answers of the Planters and Merchants Bank, and Roberts, the injunction was dissolved, and the bill continued as an original bill.

At the spring term, 1839, the complainants dismissed their bill, and at the same term of the court, the Chancellor, on motion of the attorney for the Planters and Merchants Bank, ordered and decreed that the Bank of Mobile return to the Planters and Merchants Bank, the sum of two thousand one hundred and eighty-seven and forty-seven hundredths dollars, which it was shown by the return of the said sheriff, that he had in his

hands, collected on an execution in favor of the Planters and Merchants Bank against James F. Roberts, and which he did on the 23d September, 1838, pay over to the Bank of Mobile, on junior executions in favor of said Bank against said Roberts, by the command of an injunction issued from this court, all which is shown by the records of the Circuit Court of Mobile county here produced; it being shown that the Bank of Mobile has had notice of this motion, &c.

From this order the Bank of Mobile has prosecuted this writ of error, and assigns for error the order directing the payment of the money to the Planters and Merchants Bank.

GAYLE, for plaintiff in error.
STEWART, contra.

ORMOND, J.—If this decree can be supported, it must be on the ground that the Bank of Mobile stands in the attitude of a receiver appointed by the court, to keep the funds pending the litigation.

An examination of the case will show that this view cannot be supported.

The money was paid to the Bank of Mobile by the order of the judge granting the injunction, and in accordance to the prayer of the bill, in discharge of an execution held by the Bank of Mobile against Roberts, the complainants executing an injunction bond. This was not done at the instance of the Bank of Mobile, nor can any blame attach to it for receiving the money; still less can it be presumed that the money was received by the Bank as a stake-holder. The fact that the execution held by the Bank against Roberts was returned satisfied, repels such presumption.

It was not therefore competent for the court, on the dismissal of the complainants bill, to proceed in this summary mode to dispose of the money, which had been in litigation in the cause.

It is impossible to say to what extent the rights of the Bank of Mobile may not be compromitted by such a course. It may be that it is not now in the power of the Bank again to sue out

execution against Roberts on the judgment which has been satis-fied, so that if the money be paid to the Planters and Merchants Bank, according to the order of the court, the Bank of Mobile may be without remedy.

It is however said, that the injunction bond cannot be made available to the Planters and Merchants Bank, because not only the Bank of Mobile, but also Roberts, and the sheriff of Mobile county, are obligees in the bond, and any recovery thereon as it must be in the name of all, will enure to the benefit of all. Admitting this argument its full force, it will not follow that the injury, if any exists, can be redressed by so summary a process as has been adopted in this case.

If no legal remedy exists, or if it be doubtful whether a court of law could afford a complete and adequate remedy by a bill in Chancery, all the parties interested in the decision of the question might be brought before the court and their relative interests adjusted.

We are not to be understood as deciding that the injurious consequences, which we have supposed the Bank of Mobile to be exposed to, will necessarily follow. It is sufficient that such may be the fact, to prevent the court from assuming to con-trol the fund without having all the parties properly before it litigating their rights, so as to be enabled to make a decree which will not do injustice to any one.

These are principles too well settled to be now disputed; and therefore a Court of Chancery will not act in this summary mode, except when the fund over which its action is sought, has been placed by the court in the hands of its own officer, or of a receiver, to abide the final decree made in the case.

Let the decree be reversed. But it is not considered that this case in the aspect now presented is a case for costs, each party will therefore pay its own costs in this court.